**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-958C
(Filed: November 3, 2016)

* * * * * * * * * * * * * * * * * * * *

BRIAN STANLEY SPICER,

        *Plaintiff*,

v.

THE UNITED STATES,

        *Defendant*.

* * * * * * * * * * * * * * * * * * * *

**FILED**

NOV - 3 2016

U.S. COURT OF
FEDERAL CLAIMS

## ORDER

Plaintiff filed his complaint on August 8, 2016. Plaintiff seeks compensation for injuries allegedly suffered as a result of two negligently performed surgical procedures. Defendant moved to dismiss the complaint for lack of jurisdiction and failure to state a claim on September 23, 2016, because the complaint does not allege a claim against the United States, and, even if it did, it would be outside the court's jurisdiction because it is a tort claim. Plaintiff responded to that motion on October 21, 2016, and attempted to file an amended complaint. The clerk's office did not docket the amended complaint because it was too late for the filing of an amended pleading without leave of court. Rule 15(a)(1)(B) of the Rules of the United States Court of Federal Claims ("RCFC"). The amendment that plaintiff seeks to make, although largely devoid of detail, does add that the Department of Veterans Affairs is the relevant department of the United States that allegedly caused him harm.

Because plaintiff is appearing *pro se* and because amendment of pleadings is liberally granted in the interest of justice, *see* RCFC 15(a)(2), we allow the amended complaint filed. The effect of an amended complaint is to moot the motion to dismiss. No further response to the complaint is necessary, however, because it is clear that, even with the amendment, we have no jurisdiction over the complaint.

The United States Court of Federal Claims' jurisdiction is limited to claims against the United States "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). It is clear that plaintiff's complaint alleges only claims "sounding in tort," which are specifically excluded from our jurisdiction.[1] Plaintiff's complaint must therefore be dismissed. *See* RCFC 12(h)(3) ("if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff also filed a motion for leave to proceed *in forma pauperis*. For good cause shown, we grant that motion. Accordingly, the following is ordered:

1. Plaintiff's August 8, 2016 motion for leave to proceed *in forma pauperis* is granted.

2. Plaintiff's August 8, 2016 motion for leave to file his complaint and exhibits on CD is denied as moot.

3. Defendant's September 23, 2016 motion to dismiss is denied as moot.

4. The clerk's office is directed to allow filed the amended complaint received on October 21, 2016.

5. The Clerk of Court is directed to dismiss the complaint without prejudice and enter judgment accordingly.

/s/ Eric Bruggink<br>ERIC G. BRUGGINK<br>Senior Judge

---

[1] The Federal Tort Claims Act places jurisdiction for personal injury claims against the United States in the district courts. *See* 28 U.S.C. § 1346(b)(1) (2012).